UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

JERRY FRITH,                            :

        Plaintiff,                  :   10 Civ. 1403 (AJP)

    -against-                        :   **OPINION AND ORDER**

UNITED STATES OF AMERICA,               :

        Defendant.                 :

------------------------------------- x

**ANDREW J. PECK, United States Magistrate Judge:**

        Pro se plaintiff Jerry Frith brings this action, pursuant to Fed. R. Crim. P. 41(g), to compel the United States to return personal property that the New York City Police Department ("NYPD") seized during and following his April 10, 2002 arrest. (Dkt. No. 2: Frith Rule 41(g) Mot.; Dkt. No. 6: Gov't Br. at 2-3.) In particular, Frith seeks the return of property listed in NYPD vouchers L335223-24. (Frith Rule 41(g) Mot. at 2 & Ex. 1: NYPD Vouchers L335223-24.)

        In opposition, the United States argues that Frith's motion should be denied because: (1) his motion is "time-barred"; and (2) the property Frith seeks was "never in the possession of the United States Government." (Gov't Br. at 1.)

        The parties have consented to decision of this case by a Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Dkt. No. 10.)

        For the reasons set forth below, Frith's motion is DENIED.

## FACTS

On April 10, 2002 at approximately one a.m., NYPD officers in Manhattan arrested Frith for disorderly conduct after Frith and another individual refused to obey the officers' instructions to turn down their music and turn off their vehicle (a red 1998 GMC Yukon). (Dkt. No. 6: Gov't Br. Ex. A: Hill Aff. Ex. 1: 02 Mag. 725 Compl. ¶¶ 2-5; Gov't Br. Ex. B: 4/13/07 Frith Rule 41(e) Mot. at 1.)  An NYPD officer searched Frith and recovered a necklace, a ring and $329. (4/13/07 Frith Rule 41(e) Mot. at 2.)  After arresting Frith and the other individual, the NYPD officers also recovered $1,504, a revolver and crack cocaine from the center console of the vehicle. (Frith Rule 41(g) Mot. at 2; Hill Aff. Ex. 1: 02 Mag. 725 Compl. ¶¶ 6-8; 4/13/07 Frith Rule 41(e) Mot. at 2.)  The NYPD conducted an inventory search of the vehicle and recovered more items. (Gov't Br. at 2-3 & Ex. B: 4/13/07 Frith Rule 41(e) Mot. at 3.)  The NYPD listed the items recovered from Frith's person and the vehicle on seven NYPD property vouchers (L335215, L335216, L335217, L335218, L335220, L335223, L335224). (Hill Aff. Ex. 2: NYPD Property Vouchers.)

Later in the day, the United States Bureau of Alcohol, Tobacco and Firearms ("ATF") arrested Frith. (Hill Aff. ¶ 3.)  ATF Agent Corey Hill "took possession of the following items" that the NYPD had vouchered:  a cell phone, a necklace, a ring, two metal detectors, an "envelope with assorted papers" and crack cocaine. (Hill Aff. ¶ 4.)  The NYPD "retained custody" of the vehicle, two firearms and all of the money seized. (Hill Aff. ¶ 4.)

On June 6, 2002, a grand jury in this District indicted Frith for cocaine and weapons possession, and on October 17, 2002, Frith pled guilty. (Frith Rule 41(g) Mot. at 2; Gov't Br. at 3-4.)

On February 5, 2003, Judge Rakoff sentenced Frith to 181 months imprisonment. (Frith Rule 41(g) Mot. at 2; Gov't Br. at 4.) On February 10, 2003, Judge Rakoff entered Frith's conviction and sentence on the docket. (02 Cr. 733: Dkt. No. 19: 2/10/03 Judgment.) Frith still is serving the imposed sentence. (Frith Rule 41(g) Mot. at 2-4; Gov't Br. at 4.)

After Frith's sentencing, ATF Agent Hill called Frith's family on four occasions in order to arrange the return of the property (besides the crack cocaine) he had seized. (Hill Aff. ¶ 6.) ATF Agent Hill made his final attempt to contact Frith's family on January 20, 2004 when he left a message on Frith's sister's answering machine. (Hill Aff. ¶ 6.) Frith's family never returned ATF Agent Hill's calls. (Hill Aff. ¶ 6.) On May 25, 2005, Agent Hill destroyed the narcotics and on January 16, 2007, "[p]ursuant to ATF policy," Hill caused the cell phone, necklace, ring, two metal detectors, and the "envelope with assorted papers" to be destroyed. (Hill Aff. ¶¶ 4, 7 & Ex. 3: Reports of Destruction; Frith Rule 41(g) Mot. at 2 n.1.)

**Procedural History**

On April 13, 2007, Frith filed a motion, pursuant to Fed. R. Crim. P. 41(e),[1] docketed as 07 Civ. 5899, seeking to compel the NYPD and the United States to return five items seized on April 10, 2002: a necklace, a ring, a Motorolla/Nextel cell phone, $329 in cash recovered from Frith's person and $1,504 seized from the vehicle. (Dkt. No. 6: Gov't Br. Ex. B: 4/13/07 Frith Rule

---

[1] "In 2002, Rule 41(e) was redesignated Rule 41(g), and amended for style only." Bertin v. United States, 478 F.3d 489, 492 n.1 (2d Cir. 2007); accord, e.g., Adeleke v. United States, 355 F.3d 144, 147 n.1 (2d Cir. 2004).

41(e) Mot. at 3.)[2] On August 7, 2007, the United States filed a response, including an affidavit from ATF Agent Hill stating that the ATF had destroyed the necklace, the ring and the cell phone after Agent Hill attempted on multiple occasions to return the property to Frith's family. (Gov't Br. at 4 & Ex. A: Hill Aff. ¶¶ 6-7.) On September 7, 2007, Magistrate Judge Deborah Freeman held a conference in 07 Civ. 5899, during which Frith stated:

> I kind of agree with the government, that the Rule 41(g) motion is particularly for return of property, being that it has been destroyed, that they are not able to return it. So what I was going to do was proceed with a federal tort claim motion so that I can be compensated for it.

(Gov't Br. Ex. C: 9/7/07 Conf. Tr. at 9.)

On December 10, 2008, Frith filed a second amended complaint in 07 Civ. 5899,[3] asserting, pursuant to 42 U.S.C. § 1983, that: (1) the City of New York violated his due process rights by failing to provide him with notice of the procedures for recovering the property that the NYPD and ATF seized; and (2) ATF Agent Hill violated his due process rights by destroying the property in the ATF's possession (which Frith admitted did not include the money) without giving Frith notice of the forfeiture proceeding. (Gov't Br. Ex. E: 07 Civ. 5899, Frith 2d Am. Compl. at 3-4.). On September 23, 2009, Judge Rakoff adopted Magistrate Judge Freeman's Report and Recommendation to grant ATF Agent Hill's motion to dismiss but deny the City's motion to dismiss.

---

[2] NYPD voucher L335220 lists the gold ring, gold necklace and "Motorolla/Nextel cellular phone," voucher L335217 lists the $1,504 in cash and voucher L335218 lists the $329 in cash. (Hill Aff. Ex. 2: Vouchers L335217, L335218 & L335220.)

[3] Frith filed the first amended complaint on April 3, 2008. (Gov't Br. Ex. D: 07 Civ. 5899 Frith 1st Am. Compl.)

(Gov't Br. Ex. G: 9/23/09 Judge Rakoff Order; Gov't Br. Ex. F: 8/6/09 Magistrate Judge Freeman Report & Recommendation.)  The City of New York remains a party to action 07 Civ. 5899.

**Frith's Current Rule 41(g) Motion & the Government's Opposition**

On February 22, 2010, Frith filed a motion pursuant to Fed. R. Crim. P. 41(g), docketed as 10 Civ. 1403, seeking to compel the Government to return the property listed in NYPD vouchers L335223 and L335224.  (Dkt. No. 2: Frith Rule 41(g) Mot. at 1-2; Dkt. No. 6: Gov't Br. at 2-3.)[4/]

The Government opposes Frith's motion on the grounds that the motion is "time-barred" and the property Frith seeks was "never in the possession of the United States Government." (Gov't Br. at 1.)

---

[4/]  NYPD voucher L335223 lists "U.S. currency assorted," a "Nextel cellphone w[ith] battery," "GMC taillights," an "airhorn system," "waist belts," "VHS tapes," "DVD movies," "compact discs," "Timberland shoes," "cans of dog food," "bars of soap" and "car lights." (Frith Rule 41(g) Mot. Ex. 1: Voucher L335223.)  NYPD voucher L335224 lists a "Battery charger w[ith] battery," a "mirror," a "game controller," "assorted clothing," "assorted papers," a "Board of Education permit," a "phone charger," "assorted personal items," a "pocket knife," an "umbrella," a "baseball bat" and a "bottle of Champagne."  (Frith Rule 41(g) Mot. Ex. 1: Voucher L335224.)

## ANALYSIS

## FRITH'S RULE 41(G) MOTION IS DENIED AS TIME BARRED

### A. The Statue of Limitations in Rule 41(g) Cases[5]

When a Rule 41(g) motion is filed "'after the termination of criminal proceedings,'" "the six-year catch-all statute of limitations for civil actions against the federal government is applied." Bertin v. United States, 478 F.3d 489, 492-93 (2d Cir. 2007) (citing 28 U.S.C. § 2401(a): "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues."); accord, e.g., Knight v. United States, No. 06 CV 6581, 2007 WL 2667455 at *2 n.3 (E.D.N.Y. Sept. 6, 2007) ("The statute of limitations on a civil claim for return of property pursuant to Rule 41(g) is the catch-all six year statute of limitations for civil actions against the federal government provided by 28 U.S.C. § 2401(a)."); Sanchez-Butriago v. United States, 00 Civ. 8820, 89 Cr. 644, 2003 WL 21649431 at *3 (S.D.N.Y. July 14, 2003).

---

[5]  Rule 41(g) states:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. 41(g).

"[W]here (as here) there has been a related criminal proceeding but no civil forfeiture proceeding, the cause of action accrues at the end of the criminal proceeding during which the claimant could have sought the return of his property by motion, but neither sought such return nor received his property." Bertin v. United States, 478 F.3d at 493; accord, e.g., Assil v. United States, 07 Civ. 11037, 2008 WL 4104026 at *4-6 (S.D.N.Y. Aug. 26, 2008); Knight v. United States, 2007 WL 2667455 at *2 n.3.

"'[I]n the rare and exceptional circumstance,'" Bertin v. United States, 478 F.3d at 494 n.3, a plaintiff's "otherwise time-barred 41(g) claim may be saved by the doctrine of equitable tolling." Sanchez-Butriago v. United States, 2003 WL 21649431 at *4; see also, e.g., Bertin v. United States, 478 F.3d at 494 n.3. "As a general matter, a litigant seeking equitable tolling must establish two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" Bolarinwa v. Williams, 593 F.3d 226, 231 (2d Cir.2010) (quoting Lawrence v. Florida, 549 U.S. 327, 336, 127 S. Ct. 1079 (2007)); accord, e.g., Johnson v. Nyack Hosp., 86 F.3d 8, 12-13 (2d Cir.1996). "The burden is on the party seeking the benefits of the equitable tolling doctrine 'to establish inequitable circumstances warranting an extension of time', as well as 'his reasonable diligence through the period [he] seeks to have tolled.'" Sanchez-Butriago v. United States, 2003 WL 21649431 at *4 (quoting Bowers v. Transportacion Maritima Mexicana, S.A., 901 F.2d 258, 264 (2d Cir.1990) & Johnson v. Nyack Hosp., 86 F.3d at 12).

8

### B.  Application to Frith's Case

Frith's action is time barred.  Frith's cause of action accrued on February 10, 2003 when Judge Rakoff ended the criminal proceeding by entering judgment.  (See page 3 above.)  See, e.g., Bertin v. United States, 478 F.3d 489, 494 (2d Cir. 2007) (Rule 41(g) cause of action accrued on the date sentence and judgment was entered.); Knight v. United States, No. 06 CV 6581, 2007 WL 2667455 at *2 n.3 (E.D.N.Y. Sept. 6, 2007) (Cause of action pursuant to 41(g) accrued when criminal judgement became final.).  Thus, Frith had until February 10, 2009 (six years later) to file his Rule 41(g) motion.  Frith, however, did not file the instant action until December 23, 2009 (Dkt. No. 2: Frith Rule 41(g) Mot. at 4), more than ten months after the six year statute of limitations expired.  Nor has Frith requested, or presented any facts that might entitle him to, equitable tolling.[6]

---

[6]  Frith raises the argument in his reply brief that his cause of action is not time-barred because it accrued at the "earliest" on February 5, 2008 after the five year period the Government had to bring a forfeiture action ended.  (Dkt. No. 8: Frith Reply Br. at 2.)  In doing so, Frith confuses the situation where there has been a criminal proceeding, as in his case, and the situation where property is seized by the government but does not lead to a criminal prosecution against that individual.  In that latter situation, not applicable here, and where there has been no civil forfeiture proceeding, the claim accrues "at the end of the five-year limitations period during which the government is permitted to bring a civil forfeiture action."  Bertin v. United States, 478 F.3d at 493.  To reiterate, the Second Circuit has held that

> where (as here) there has been a related criminal proceeding but no civil forfeiture proceeding, the cause of action accrues at the end of the criminal proceeding during which the claimant could have sought the return of his property by motion, but neither sought such return nor received his property.  In contrast, where there has been no related criminal proceeding[,] . . . the claimant cannot be expected to know the government's intentions, and will naturally be hesitant to press the question by focusing on himself the attentions of the prosecutor.

Bertin v. United States, 478 F.3d at 493-94 (citation omitted).

Accordingly, Frith's Rule 41(g) motion is <u>DENIED</u> as time barred.[2/]

## CONCLUSION

For the reasons stated above, Frith's Rule 41(g) motion is <u>DENIED</u> as time barred. The Clerk of Court is to close this case.

SO ORDERED.

Dated:   New York, New York
         June 9, 2010

_____
Andrew J. Peck
United States Magistrate Judge

Copies to:   Jerry Frith
             Sarah E. McCallum, Esq.

---

[2/]   Although this Court need not reach the merits, the Court notes that Frith has not provided any evidence that the United States is or ever was in possession of the items listed in NYPD vouchers L335223 and L335224. In contrast, the United States Government has provided sworn testimony that it does not have possession of the items listed in NYPD vouchers L335223 and L335224. ATF Agent Hill's affidavit stated that, of the items the NYPD seized from Frith's person and the vehicle, Agent Hill only "took possession" of a cell phone, a necklace, two medical detectors, an "envelope with assorted papers" and crack cocaine. (<u>See</u> page 2 above.) Agent Hill further swore (and Frith has conceded) that he caused all of the items he possessed to be destroyed. (<u>See</u> pages 3, 4 above.) Additionally, on April 8, 2010, ATF Agent Hill "confirmed" to Assistant United States Attorney Sarah E. McCallum that he "knew of no other transfer of Frith's property [from the NYPD] to any other Government agent." (Gov't Br. at 8 n.4.)